UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 8:03-cr-164-T-23MAP
                                                                         8:06-cv-558-T-23MAP

JOSE ORDONEZ
_____/

## O R D E R

Ordonez's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1)

challenges the validity of his conviction for conspiracy to possess with intent to distribute

cocaine while on board a vessel, for which offense he was sentenced to 151 months.  A

motion to vacate must be reviewed prior to service on the United States.  *See* Rule 4 of

the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief," the motion is properly denied

without a response from the United States.  28 U.S.C. § 2255.  *See also United States*

*v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the

motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th

Cir. 1980)[1] (affirming district court's summary dismissal of a Section 2255 motion

"[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not

entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b)

_____

   [1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon
this Court.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). For reasons set forth below, Ordonez's motion is without merit.

Ordonez had one year from the date his conviction became final in which to file his motion to vacate sentence. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. The circuit court's judgment was entered on December 20, 2004, (Doc. 242 in 8:03-cr-164-T-23TBM), firming Ordonez's conviction and sentence. For purposes of calculating the one-year statute of limitation, the conviction was final on March 20, 2005, which includes the ninety days allowed for filing a petition for the writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."), and *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original). Consequently, Ordonez's limitation period expired one year later on March 20, 2006. According to the envelope in which the motion was mailed, Ordonez submitted the document to prison officials for mailing on March 29, 2006. This date is considered the date of filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988)

- 2 -

("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."), and *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a *pro se* prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).  Nevertheless, even with the benefit of the "mailbox rule," the motion was filed nine days too late.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Ordonez and close this action.

ORDERED in Tampa, Florida, on April 7, 2006.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

SA/ro

- 3 -